United States Courts
Southern District of Texas
FILED
JUL 31 2020
David J. Bradley, Clerk of Court

USDC SDTX RCVD
JUL 31 2020 AM10:58

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MCDERMOTT INTERNATIONAL, INC, *et al*<br><br>Reorganized Debtor(s). | Chapter 11<br><br>Case No. 20-30336<br><br>(Jointly Administered) |
| MICHAEL VAN DEELEN<br><br>Plaintiff,<br><br>v.<br><br>DAVID DICKSON,<br>and STUART SPENCE,<br>and SCOTT LAMB,<br>and 10 JOHN/JANE DOES<br><br>Defendants. | Adv. Proc. No. 20-3309 |

**PLAINTIFF'S MOTION PURSUANT TO 28 U.S.C. SECTIONS 455(a) AND 455(b)(1) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 5004 TO DISQUALIFY BANKRUPTCY COURT JUDGE DAVID JONES FROM PRESIDING OVER THE ABOVE-CAPTIONED ADVERSARY PROCEEDING; MOTION FOR STAY OF PROCEEDINGS; PROPOSED ORDERS**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must**

**attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

COMES NOW the Plaintiff, Michael Van Deelen, and for his Plaintiff's Motion Pursuant To 28 U.S.C. Sections 455(a) And 455(b)(1) And Federal Rules Of Bankruptcy Procedure Rule 5004To Disqualify Bankruptcy Court Judge David Jones From Presiding Over The Above-Captioned Adversary Proceeding and for his Motion For Stay Of Proceedings states as follows:

Plaintiff respectfully moves this Court to disqualify bankruptcy court Judge David Jones from presiding over the instant action (Adversary Proceeding No. 20-3309) pursuant to U.S.C. Sections 455(a) And 455(b)(1) and Federal Rules of Bankruptcy Procedure Rule 5004. Plaintiff also respectfully requests that no further hearings be had or decisions made in the instant action until Plaintiff's Motion to Disqualify Bankruptcy Court Judge David Jones is heard and decided (stay of proceedings).

Judge Jones's impartiality may reasonably be questioned and he has a personal bias and/or prejudice against the plaintiff.

On or about June 2, 2020, Plaintiff filed his Petition for Writ of Mandamus Against the Honorable David R. Jones in the Fifth Circuit Court of Appeals (case no. 20-20286). Plaintiff subsequently filed his Notice of Filing (Document 939) in case 20-30336 on June 3, 2020. The Notice of Filing, which contains Plaintiff's Writ, was docketed on June 4, 2020. Said Writ, which is presently before the Fifth Circuit Court of Appeals, is incorporated herein by reference.

In his Writ, Plaintiff shows incidents to the Court of Appeals in which Judge Jones has shredded Plaintiff's Constitutional rights by, among other things, refusing to hear Plaintiff's motions in the McDermott International bankruptcy case, by falsely accusing Plaintiff of improper acts during the pendency of the bankruptcy case, by telling the attorneys for the debtors that they "were the smartest people in the country" while accusing Plaintiff in open court of "knowing nothing", and, most notably, by unconstitutionally issuing a permanent injunction against the Plaintiff without affording Plaintiff a hearing or trial.

Among other things, Plaintiff has asked the Court of Appeals to disqualify Judge Jones from presiding over a trial on the actions unconstitutionally prohibited by Judge Jones' March, 23, 2020, Order, should the Court of Appeals order said trial to be held. In requesting this, plaintiff stated to the Court of Appeals that "The trial court's [Judge Jones'] animosity toward Petitioner is so great that Petitioner is concerned that the trial court will simply continue to make unlawful, unconstitutional rulings during a trial on the actions prohibited by its March 23, 2020, Order."

Plaintiff is similarly convinced that, should Judge Jones continue to preside over the instant action, it will not be possible to get a fair hearing given the animosity, impartiality, bias, prejudice and unconstitutional behavior Judge Jones has demonstrated with respect to the plaintiff in the McDermott International bankruptcy case.

Plaintiff has sought the approval for the motions herein from the attorney for the defendants, Matthew Cavenaugh. Mr. Cavenaugh opposes the motions.

WHEREFORE, Plaintiff respectfully moves this Court to disqualify bankruptcy court Judge David Jones from presiding over the instant action (Adversary Proceeding No. 20-3309) pursuant to U.S.C. Sections 455(a) And 455(b)(1) and Federal Rules of Bankruptcy Procedure Rule 5004. Plaintiff also respectfully requests that no further hearings be had or decisions made in the instant action until his Motion to Disqualify Bankruptcy Court Judge David Jones is heard and decided (stay of proceedings).

Michael Van Deelen
Plaintiff
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 31st day of July, 2020, served a true and correct copy of the foregoing document on the defendants via the court-approved eFiling system, which will forward a copy thereof to all attorneys of record.

Michael Van Deelen