UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MCDERMOTT INTERNATIONAL, INC., *et al.*[1] ) | |
| ) | Case No. 20-30336 (DRJ) |
| Reorganized Debtors. ) | |
| _____ ) | (Jointly Administered) |
| ) | |
| MICHAEL VAN DEELEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Adv. Proc. No. 20-03309 |
| v. ) | |
| ) | |
| DAVID DICKSON, STUART SPENCE, ) | |
| SCOTT LAMB, JOSHUA SUSSBERG and 10 ) | |
| JOHN/JANE DOES ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANT JOSHUA SUSSBERG'S SUPPLEMENTAL MOTION FOR SANCTIONS

TO THE HONORABLE CHIEF JUDGE DAVID R. JONES:

Defendant Joshua Sussberg files this Supplemental Motion for Sanctions against Plaintiff Michael Van Deelen pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1651(a), and this Court's inherent power to manage its proceedings and the conduct of litigants before it to re-urge the propriety of sanctions to stop Mr. Van Deelen from continuing to pursue litigation against attorneys involved in the McDermott bankruptcy and in this adversary

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/McDermott. The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

1

proceeding. In particular, Defendant files this Supplemental Motion to bring to the Court's attention an email Mr. Van Deelen sent to the undersigned counsel immediately after the August 9 hearing on Plaintiff's Motion to Remand and the Defendants' Motions to Dismiss:

> **From:** Michael Van Deelen <michaelvandeelen@gmail.com>
> **Sent:** Monday, August 9, 2021 12:21:56 PM
> **To:** David J. Beck <DBECK@beckredden.com>
> **Subject:** Re: Representation of Joshua Sussberg
>
> *** This message came from outside Beck Redden LLP. ***
>
> Mr. Beck:
>
> I was expecting the court to rule on my claim against Sussberg today. I was also expecting the court to deny your frivolous motions today. Since the court did not try to prevent me from filing suit against you, I am going to go ahead and file my planned tresspassing suit against you, Sussberg and your "process server" in the next several days.
>
> 1. Will you accept email service on behalf of yourself?
>
> 2. Will you accept email service on behalf of Sussberg?
>
> 3. My process server will serve your "process server" directly.
>
> Please respond to this email as soon as possible.  Time is of the essence.
>
> Thank you,
>
> Michael Van Deelen
>
> Sent from my iPhone

As shown in the email, Mr. Van Deelen now plans to file a lawsuit against the undersigned counsel, in addition to the one against Mr. Sussberg. Notably, he says: "I am going to go ahead and file my planned trespassing suit against you" because "***the court did not try to prevent me from filing suit against you***." Plainly, Mr. Van Deelen's comment is concrete evidence of his intent to continue pursuing lawsuits against individuals associated with the McDermott bankruptcy and this related adversary proceeding unless and until the Court intervenes to stop him. Mr. Van Deelen's specific targeting of counsel of record in these proceedings is for no purpose other than to harass and intimidate, and is a clear abuse of the judicial process. This Court has the inherent authority to police this

type of conduct, and Defendant and the undersigned counsel respectfully request that the Court do so here.

## ARGUMENT

### A. This Court has jurisdiction and authority to order sanctions against Mr. Van Deelen dismissing his lawsuit and enjoining future filings.

As noted in Defendant's original motion for sanctions and reply in support, this Court has "related-to" jurisdiction over this proceeding, and also has jurisdiction and authority pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 1651(a) (the All Writs Act) to issue an injunction to the extent "necessary and appropriate to address vexatious conduct" by Mr. Van Deelen. *Alkasabi v. Rampart Acquisition Corp. L.L.C.,* 2011 WL 1232341, at *10 (S.D. Tex. Mar. 31, 2011); *see also Chevron Global Energy Inc. v. Bulls*, 2007 WL 9736125, at *2 (S.D. Tex. Dec. 5, 2007) (relitigation exception to Anti-Injunction Act permits federal courts to enjoin state court proceedings when necessary to "protect or effectuate its judgments" (internal citations omitted)). In particular, "[t]he United States Supreme Court has held that federal courts possess *the inherent power to police the conduct of the attorneys and parties* who appear in the federal courts." *In re Ruth*, 473 B.R. 152, 166 (Bankr. S.D. Tex. 2012) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991) (emphasis added)). And "[i]n addition to the judicially-created inherent powers articulated in *Chambers,* § 105(a) of the Code specifically allows bankruptcy courts to issue any order that is 'necessary or appropriate to carry out the provisions' of the Bankruptcy Code or 'to prevent an abuse of process.'" *In re David*, 487 B.R. 843, 870 (Bankr. S.D. Tex. 2013) (citing 11 U.S.C. § 105(a)).

3

This Court's authority extends to enjoining "plaintiffs from future filings when those plaintiffs consistently abuse the court system and harass their opponents." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 (5th Cir. 2008). The Fifth Circuit has "defined vexatious litigation as conduct that evidences 'bad faith, motive, or reckless disregard of the duty owed to the courts.'" *In re Ruth*, 473 B.R. at 166 (citing *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998)). At least one bankruptcy judge "has characterized vexatious litigation as conduct that leads to increased costs for the opposing party and multiplicity in litigation." *Id.* (citing *In re Rollings*, 2008 WL 899300, at *9 (Bankr. S.D. Tex. Mar. 31, 2008)). There is no question Mr. Van Deelen's improper targeting of Mr. Sussberg and the undersigned counsel has resulted, and will result, in increased costs and needless multiplicity of litigation. Mr. Van Deelen's tactics are not only harassing, but also needlessly wasting judicial resources.

In considering Defendant's request for sanctions, the bankruptcy case of *In re David* is instructive. 487 B.R. 843 (Bankr. S.D. Tex. 2013). In that case, then Chief Judge Bohm imposed sanctions against the debtor in connection with the Court's order requiring the debtor to show cause why he should not be sanctioned for, in relevant part, using a fake name and social security number in his Chapter 13 petition. *Id.* The Court described the matter as arising "out of violations by a party appearing before the Court of federal law, state law, and various Federal and Local Bankruptcy Rules," as well as the Court's show cause order, which was "issued in order to maintain the integrity of the bankruptcy system." *Id.* at 867. The Court found it had authority pursuant to its inherent authority, 11 U.S.C. §

4

105(a), and *Chambers*, according to which "the Court may police the conduct of parties appearing before it and impose sanctions on those who misbehave." *Id*. (citing *Chambers*, 501 U.S. 32). The Court concluded, therefore, that the matter was "easily distinguishable from *Stern*," and that the court possessed "constitutional authority to enter a final order imposing sanctions." *Id*. Accordingly, this Court has statutory and constitutional authority to enter an order imposing sanctions on Mr. Van Deelen for his abuses of judicial process and harassing conduct, in addition to its inherent authority under *Chambers* and its progeny.

### B. Dismissal and a pre-filing injunction are necessary to stop the misconduct at issue.

As shown in Defendant's Motion to Dismiss, Reply in Support, and herein regarding Mr. Van Deelen's recent threat to file suit against the undersigned counsel, Mr. Van Deelen has engaged in a pattern of vexatious, frivolous and harassing conduct over the course of these proceedings that this Court has the statutory and inherent authority to curb with an appropriate order. Mr. Van Deelen's conduct is plainly vexatious, harassing, and pursued in bad faith. For example, any lawsuit for "trespassing" against the undersigned counsel based on service of a pleading by a process server or courier on Mr. Van Deelen in this proceeding could never pass muster under Federal Rule of Civil Procedure 11. As this Court well knows, any party signing a pleading under Rule 11 must certify that the pleading is filed in good faith, not filed for an improper purpose, and that the claims are supported by the facts and existing law. Fed. R. Civ. P. 11(b)(1)-(3). Mr. Van Deelen could not possibly certify, in good faith, that a legal "trespass" occurred by service of a pleading from

5

an opposing party in a lawsuit he initiated, especially when he signs his pleadings with his home address as the one to be used for this proceeding. Nor could such service of process constitute a trespass as a matter of law. Mr. Van Deelen's new threatened lawsuit plainly has no legitimate basis or purpose other than to harass, intimidate, and waste the resources of the parties and this Court.

At the August 9 hearing, the undersigned counsel noted, that "if you look at the history of Mr. Van Deelen and his pattern of conduct, you will see, that anybody who confronts his position in any way, suddenly, they become a target." Dkt. 71 (8/9/2021 Hearing AUDIO) at 17:23-17:33. Mr. Van Deelen's post-hearing email to the undersigned counsel regarding filing another lawsuit is just the most recent example of a series of bad faith and vexatious actions Mr. Van Deelen has taken in connection with these proceedings. Resorting to the Court's inherent power "to sanction a vexatious litigant [is] appropriate where there [is] repeated bad-faith conduct," as there is here. *Newby*, 302 F.3d at 302.

## CONCLUSION AND PRAYER FOR RELIEF

Defendant set forth the factors for imposing sanctions and imposing a pre-filing injunction, specifically, under applicable authority, in section C of Defendant's Reply in Support of Motion to Dismiss and for Sanctions and reiterates and incorporates section C by reference as if fully set forth herein. Defendant respectfully submits that for the reasons stated in his prior briefing and in this Supplemental Motion, sanctions in this case, including dismissal of Mr. Van Deelen's suit with prejudice and enjoining Plaintiff from filing or re-filing these or similar claims against Mr. Sussberg, Kirkland & Ellis LLP, David

J. Beck, Beck Redden LLP, the process server, and anyone acting on their behalf in connection with the administration of these proceedings without permission from this Court before doing so.

Respectfully submitted,

**BECK REDDEN LLP**

By: */s/ David J. Beck*
David J. Beck
Texas Bar No. 00000070
dbeck@beckredden.com
Jacqueline M. Furlow
Texas Bar No. 24087551
jfurlow@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR DEFENDANT JOSHUA A. SUSSBERG**

### CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I caused a true and correct copy of the foregoing Motion to Dismiss to be served via the Court's ECF notification system and via email and regular mail to the party listed below at the email address provided.

Michael Van Deelen
16215 Friar Circle, Spring, Texas 77379
michaelvandeelen@gmail.com

*/s/ Jacqueline M. Furlow*
Jacqueline M. Furlow