UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MCDERMOTT INTERNATIONAL, INC., *et al.*[1] ) | |
| ) | Case No. 20-30336 (DRJ) |
| Reorganized Debtors. ) | |
| _____ ) | (Jointly Administered) |
| ) | |
| MICHAEL VAN DEELEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. Proc. No. 20-03309 |
| v. ) | |
| ) | |
| DAVID DICKSON, STUART SPENCE, ) | |
| SCOTT LAMB, JOSHUA SUSSBERG and 10 ) | |
| JOHN/JANE DOES ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANT JOSHUA SUSSBERG'S REPLY IN SUPPORT OF
SUPPLEMENTAL MOTION FOR SANCTIONS, RESPONSE TO
PLAINTIFF'S MOTION TO DISMISS, AND RESPONSE TO
<u>PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS</u>**

TO THE HONORABLE CHIEF JUDGE DAVID R. JONES:

      Defendant files this Reply in Support of Supplemental Motion for Sanctions and Response to Plaintiff's Motion to Strike and for Sanctions, and to Plaintiff's Motion to Dismiss to make three brief points:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/McDermott. The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

1

1. The Supplemental Motion was filed to advise the Court of post-August 9 hearing information relating to issues already addressed in Defendant's original Motion for Sanctions, so the technical requirements Van Deelen cites neither apply nor justify striking the Supplemental Motion;

2. Mr. Van Deelen's August 13 correspondence and Motion to Dismiss are nothing more than an improper attempt to maneuver his lawsuit against Mr. Sussberg out of this Court so that he may re-file it in Texas state court; and

3. Mr. Van Deelen's Motion for Sanctions against the undersigned counsel for filing the Supplemental Motion is patently meritless.

Defendant addresses each of these points, in turn.

### A. The Supplemental Motion for Sanctions should be upheld and the Motion to Strike should be denied.

Defendant filed the Supplemental Motion for Sanctions for the specific purpose of advising the Court of certain developments that occurred after the August 9 hearing related to Mr. Sussberg's original Motion for Sanctions. Specifically, the Supplemental Motion provided this Court with correspondence Mr. Van Deelen sent to the undersigned counsel immediately after the hearing on August 9, in which Mr. Van Deelen informed the undersigned counsel: "I am going to go ahead and file my planned trespassing suit against you" because "***the court did not try to prevent me from filing suit against you***." Mr. Van Deelen asked the undersigned counsel to accept service on behalf of himself and Mr. Sussberg, and said he would directly serve the "process server" who delivered one of Defendant's pleadings to Mr. Van Deelen. In response to Mr. Van Deelen's specific threat in his August 9 email, Defendant filed the Supplemental Motion to make the Court aware of these facts and request that the relief already requested in Mr. Sussberg's original Motion for Sanctions also include Kirkland & Ellis LLP, David J. Beck, Beck Redden LLP, the

2

"process server," and anyone acting on their behalf in the administration of these proceedings.[2]

Mr. Van Deelen filed a Motion to Strike Defendant's Supplemental Motion for Sanctions on the grounds that it did not contain the boilerplate "negative notice" language in Local Rule 9013-1(b) and did not request a hearing. Defendant respectfully submits such actions were unnecessary. Plainly, Plaintiff has notice of this adversary proceeding, the procedural posture of this case, and the relief Defendant seeks, so that the lack of the negative notice provision does not prejudice Plaintiff in any way. Further, the Supplemental Motion was filed solely to provide additional information regarding a course of misconduct that had already been addressed in Mr. Sussberg's original Motion for Sanctions. Defendant does not believe an additional hearing is necessary or would be productive. Nor do the technicalities on which Mr. Van Deelen's Motion to Strike are based justify the relief he seeks. The Motion to Strike should be denied and Defendant's request for sanctions should be granted.

### B. Plaintiff's Motion to Dismiss should be denied because it is nothing more than a thinly-veiled attempt to maneuver his lawsuit against Mr. Sussberg out of this Court so that he may re-file it in state court.

Plaintiff's Motion to Dismiss seeks to dismiss his lawsuit against Mr. Sussberg on the purported grounds that Plaintiff believes Mr. Sussberg has or had cancer at the time of the Plan Confirmation Hearing, while in the same breath re-urging his bases for

---

[2] To the extent the Court deems necessary, an amended proposed Order is being filed contemporaneously herewith.

maintaining a suit against Mr. Sussberg in state court. Mr. Van Deelen does not seek to bring finality to his frivolous suit against Mr. Sussberg. Instead, the Motion to Dismiss is nothing more than an improper attempt to obtain dismissal of Van Deelen's suit against Mr. Sussberg *without prejudice* so that he can re-file his claims in Texas state court. Mr. Van Deelen could have asked this Court to dismiss this lawsuit against Mr. Sussberg with prejudice at this time. He did not. Further, Van Deelen's attempt to exploit speculations about Mr. Sussberg's health to extract a dismissal is not just improper, it is harassing and malicious. If anything, the Motion to Dismiss only further underscores the need for this Court's assistance to stop Mr. Van Deelen's misconduct and protect the parties and their counsel appearing before this Court.

### C. Plaintiff's Motion for Sanctions should be denied because it is patently meritless.

Plaintiff contends Defendant's counsel filed the Supplemental Motion in "bad faith" because the motion was filed after Plaintiff claims he made "efforts to settle" his pending lawsuit against Mr. Sussberg and threatened lawsuit against the undersigned counsel. Mr. Van Deelen plainly made no offer to settle, nor did he state an unequivocal intent to dismiss, with prejudice, his lawsuit and refrain from pursuing further action against Mr. Sussberg. Instead, Mr. Van Deelen's email said he would "consider" dismissing his lawsuit "if" Mr. Sussberg has or had cancer at the time of the Plan Confirmation Hearing.

Mr. Van Deelen's emails, like his Motion to Dismiss, do not seek resolution. Rather, it appears Van Deelen was merely attempting to manipulate counsel into providing information he wanted to exploit to extract a dismissal without prejudice. Counsel had no

4

obligation to respond to these emails. Mr. Van Deelen's machinations in his bad-faith attempt to prolong this frivolous litigation must end. Defendant's Supplemental Motion for Sanctions is appropriate and was filed in good faith. Plaintiff's Motion for Sanctions should be denied. [3]

## CONCLUSION AND PRAYER FOR RELIEF

Defendant set forth the factors for imposing sanctions and imposing a pre-filing injunction in section C of Defendant's Reply in Support of Motion to Dismiss and for Sanctions, and reiterates and incorporates section C by reference as if fully set forth herein. Defendant respectfully submits that for the reasons stated in his prior briefing and in this Supplemental Motion, sanctions in this case, including dismissal of Mr. Van Deelen's suit with prejudice and enjoining Plaintiff from filing or re-filing his meritless claims against Mr. Sussberg, Kirkland & Ellis LLP, David J. Beck, Beck Redden LLP, the process server, and anyone acting on their behalf in connection with the administration of these proceedings without permission from this Court before doing so; and further requests that Plaintiff's Motion to Strike, Motion for Sanctions, and Motion to Dismiss all be denied.

---

[3] Van Deelen cites *Prince v. Colven*, 94 F. Supp. 3d 787 (N.D. Tex. 2015) for the proposition that "bad faith" conduct cannot be found "in the act of bringing a suit" but only "in response to a substantive claim," contending that this both supports his claim for sanctions and defeat's defendant's claim for sanctions. However, *Prince* concerned applying the EAJA's bad-faith exception to a shift of attorney's fees; it does not apply to this case and does not stand for the proposition Mr. Van Deelen claims it does. Mr. Van Deelen cites no applicable authority to contest Defendant's request for sanctions.

Respectfully submitted,

**BECK REDDEN LLP**

By: */s/ David J. Beck*
  David J. Beck
  Texas Bar No. 00000070
  dbeck@beckredden.com
  Jacqueline M. Furlow
  Texas Bar No. 24087551
  jfurlow@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR DEFENDANT
JOSHUA A. SUSSBERG**

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 23, 2021, I caused a true and correct copy of the foregoing Motion to Dismiss to be served via the Court's ECF notification system and via email and regular mail to the party listed below at the email address provided.

Michael Van Deelen
16215 Friar Circle, Spring, Texas 77379
michaelvandeelen@gmail.com

         */s/ Jacqueline M. Furlow*
          Jacqueline M. Furlow