United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 12, 2021

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 20-30336** |
| MCDERMOTT INTERNATIONAL, INC., | § | |
| *et al.,* | § | **CHAPTER 11** |
| | § | |
| Debtors. | § | |
| | § | |
| MICHAEL VAN DEELEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 20-3309** |
| | § | |
| DAVID DICKSON, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## ORDER
### (Docket Nos. 4, 5, 7, 51, 54, 59, 60, 68, 72, 74, 75)

Before the Court are multiple motions to dismiss, motions to remand, motions to strike, motions for sanctions and related responses. After a careful review of the pleadings and multiple hearings, the Court grants limited relief as set forth below.

### Main Case Background

The Debtor and approximately 225 affiliates (the "Debtors") filed chapter 11 cases on January 21, 2020. [Docket No. 1, Case No. 20-30336]. The cases were filed as complex cases pursuant to the Procedures for Complex Cases in the Southern District of Texas (the "Complex Procedures") [Docket No. 17, Case No. 20-30336]. By Order entered January 22, 2020, the cases were jointly administered. [Docket No. 57, Case No. 20-30336].

On January 22, 2020, the Debtors filed their proposed disclosure statement and plan of reorganization. [Docket Nos. 4 and 5, Case No. 20-30336]. The Debtors filed their first amended plan of reorganization later the same day (the "Plan"). [Docket No. 121, Case No. 20-30336]. At the time of its filing, the Plan was supported by an overwhelming majority of the Debtors' creditors. [Docket No. 27, Case No. 20-30336]. In accordance with the Complex Procedures, the Debtors requested a consolidated hearing on the adequacy of the disclosure statement and confirmation of the Plan. [Docket No. 27, Case No. 20-30336]. By Order entered January 23, 2020, the Court granted the request and set a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed Plan for March 12, 2020. [Docket No. 160, Case No. 20-30336].

By handwritten letter docketed on January 28, 2020, Michael Van Deelen notified the Court that he was an "equity holder and party in interest" and that he intended "to intervene in this case and argue against the confirmation of McDermott's bankruptcy plan." [Docket No. 253, Case No. 20-30336].  Mr. Van Deelen did not file a proof of claim in the case.

On February 19, 2020, Mr. Van Deelen filed his motion for the appointment of a trustee or examiner under 11 U.S.C. § 1104 and request for hearing. [Docket No. 436, Case No. 20-30336]. Mr. Van Deelen filed his amended motion for a trustee or an examiner on February 20, 2020. [Docket No. 441, Case No. 20-3336].

On February 27, 2020, Mr. Van Deelen filed his "Motion for an Order Sustaining Party in Interest's Opposition and Objection to Confirmation of Debtor's Plan, Granting Party in Interest's Modified Plan, in Whole or in Part, and Ordering an Investigation Pursuant to 18 U.S.C. Section 158(d) and 18 U.S.C. Section 3057; Proposed Order Attached." [Docket No. 509, Case No. 20-30336].  In the motion, Mr. Van Deelen represented that he is "an expert financial analyst" and "a competent pro se litigant." [Docket No. 509, Case No. 20-30336].  Included in the pleading is a list of Mr. Van Deelen's litigation successes.  [Docket No. 509, Case No. 20-30336].

On February 27, 2020, Mr. Van Deelen also filed his objection to confirmation of the Debtors' Plan. [Docket No. 510, Case No. 20-30336].  The pleading is substantially, if not completely, a duplicate of Docket No. 509.  Concurrent with the filing, Mr. Van Deelen also submitted his witness and exhibit list. [Docket No. 511, Case No. 20-30336].  Mr. Van Deelen listed himself both as a fact witness and an expert witness on the Debtors' financial operations. [Docket No. 511, Case No. 20-30336].  On March 2, 2020, Mr. Van Deelen filed his own expert report.  [Docket No. 527, Case No. 20-30336].

On March 4, 2020, Mr. Van Deelen filed a motion to continue the confirmation hearing. [Docket No. 557, Case No. 20-30336].  Mr. Van Deelen's stated basis for the request was the requirement of proof that the purchaser of the Debtors' Lummus Technology business had the financial ability to complete its purchase. [Docket No. 557, Case No. 20-30336].  Mr. Van Deelen filed a separate hearing request on March 5, 2020.  [Docket No. 559, Case No. 20-30336].  After reviewing the pleadings, the Court scheduled a hearing on the motion for continuance for March 9, 2020. [Unnumbered Docket Entry on March 5, 2020, Case No. 20-30336].  The Debtors filed their response on March 8, 2020. [Docket No. 582, Case No. 20-30336].

On March 9, 2020, the Court convened a hearing to consider Mr. Van Deelen's request for a continuance. [Unnumbered Docket Entry on March 9, 2020, Case No. 20-30336].  After considering the arguments of the parties, the Court denied the motion by order entered the same day. [Docket No. 587, Case No. 20-30336]; [Transcript at Docket No. 664].  In its order, the Court stated that it would "consider the issues raised by Mr. Van Deelen in the motion as part of his objection to confirmation of the Debtors' proposed plan." [Docket No. 587, Case No. 20-30336].

The Debtors subsequently resolved substantially all outstanding confirmation objections other than the objections raised by Mr. Van Deelen.  These resolutions and other non-substantive

amendments were embodied in the Second Amended Chapter 11 Plan filed on March 11, 2020 (the "Amended Plan"). [Docket No. 620, Case No. 20-30336].

On March 12, 2020, the Court convened a hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed Amended Plan. [Unnumbered Docket Entry on March 12, 2020, Case No. 20-30336]. After considering the evidence and arguments of the parties, the Court approved the disclosure statement on a final basis and confirmed the Debtors' Amended Plan. [Docket No. 684, Case No. 20-30336]. During the hearing, Mr. Van Deelen became combative and threatened to sue Debtors' counsel for having threatened him and the Court for violating his civil rights. [Transcript 3/12/2020, Docket No. 690, pages 172-73]. The Court specifically found Mr. Van Deelen's objection to be frivolous. [Transcript 3/12/2020, Docket No. 690, page 180].

On March 17, 2020, the Debtors filed their motion seeking to have Mr. Van Deelen appear before the Court and show cause why he should not be held in contempt for threatening behavior and inappropriate conduct. [Docket No. 694, Case No. 20-30336]. Mr. Van Deelen filed his response denying the substance of the Debtors' motion on March 18, 2020. [Docket No. 701, Case No. 20-30336]. The Debtors subsequently filed an affidavit of a witness confirming the events set forth in the Debtors' motion. [Docket No. 706, Case No. 20-30336].

By Order entered March 23, 2020, the Court (i) prohibited Mr. Van Deelen from contacting the Court's staff; (ii) required that any communication to the Court be made in writing and filed with the Clerk of the Court; (iii) prohibited Mr. Van Deelen from contacting Joshua Sussberg or any member of his family; and (iv) barred Mr. Van Deelen from entering the federal courthouse unless escorted by a court security officer. [Docket No. 719, Case No. 20-30336]. In entering this relief, the Court noted Mr. Van Deelen's propensity to make false statements and determined that Mr. Van Deelen posed a legitimate risk to the safety of courthouse staff and litigants that oppose his position. [Docket No. 719, Case No. 20-30336].

Mr. Van Deelen filed a petition for a writ of mandamus with the Fifth Circuit Court of Appeals on June 2, 2020. [Case No. 20-20286, USCA]. The petition was denied by order entered March 12, 2021. [Case No. 20-20286, USCA].

## The Adversary Proceeding

On June 23, 2020, Mr. Van Deelen sued David Dickson, Stuart Spence and Scott Lamb— each a current or former officer of the Debtors—as well as 10 unknown John/Jane Does in the 284th Judicial District Court of Montgomery County, Texas (the "State Court Lawsuit"). [Docket No. 1]. The petition asserts various claims related to the loss of value of Mr. Van Deelen's common shares in the Debtors. The defendants removed the State Court Lawsuit to this Court on July 17, 2020. [Docket No. 1]. In the Notice of Removal, the defendants stated that removal was proper as the "adjudication of the claims requires interpretation and enforcement of this Court's Confirmation Order, which releases and exculpates Defendants from certain claims that have been brought." [Docket No. 1].

Mr. Van Deelen filed his motion to remand on July 23, 2020. [Docket No. 4]. In the motion, Mr. Van Deelen asserted that the Court lacked jurisdiction to adjudicate the asserted claims. [Docket No. 4]. Mr. Van Deelen also asserted that mandatory and permissive abstention applied. [Docket No. 4]. The Defendants responded on August 13, 2020, asserting that the Court had jurisdiction and that abstention was inappropriate under the circumstances. [Docket No. 11].

On July 25, 2020, the Defendants filed their motion to dismiss Mr. Van Deelen's petition. [Docket No. 5]. In their motion, the Defendants asserted that the claims asserted by Mr. Van Deelen were covered by the Amended Plan's exculpation and release provisions.[1] [Docket No. 5]. Mr. Van Deelen filed his response to the motion to dismiss on August 12, 2020. [Docket No. 10]. In his response, Mr. Van Deelen argued that (i) no further proceedings should be held until the Fifth Circuit ruled on his writ of mandamus to remove the undersigned as the presiding judge; (ii) the case should be remanded before the motion to dismiss could be considered; (iii) the Court lacked jurisdiction to consider the motion to dismiss; (iv) mandatory abstention under § 1334(c)(2) applied; and (v) the Amended Plan's exculpation provisions were inapplicable. [Docket No. 10].

Mr. Van Deelen filed a motion for entry of a default on September 24, 2020. [Docket No. 21]. A "corrected" version of the motion was filed on September 25, 2020. [Docket No. 22]. The Defendants filed their response on October 7, 2020, noting that their motion to dismiss remained pending. [Docket No. 23]. *See* Fed. R. Bankr. P. 7012. Mr. Van Deelen filed his reply and motion for entry of a default judgment on October 8, 2020. [Docket No. 26].

On March 10, 2021, the Court held a scheduling conference. [Docket No. 43]. At the beginning of the hearing, the Court advised Mr. Van Deelen that his petition contained potential (i) claims released under the Amended Plan; (ii) derivative claims owned by the bankruptcy estate; and (iii) direct claims. [Audio at Docket No. 46]. The Court gave Mr. Van Deelen the opportunity to either proceed with his motion to remand or to amend his petition. [Audio at Docket No. 46]. After much discussion of direct versus derivative claims, Mr. Van Deelen elected to amend his petition. [Audio at Docket No. 46].

Mr. Van Deelen filed his amended petition on April 8, 2021. [Docket No. 50]. In his amended petition, Mr. Van Deelen asserted that this Court instructed him to file an amended petition containing only state law claims. [Docket No. 50]. This statement was false as the Court issued no such instruction. [Audio at Docket No. 46]. In his amended petition, Mr. Van Deelen continued to assert claims against Messrs. Lamb, Dickson, Spence and 10 unknown John/Jane Does for fraud and negligent misrepresentation related to events preceding and after the Debtors' bankruptcy filing. [Docket No. 50]. Mr. Van Deelen's damage model continued to be based on the cancellation of the Debtors' common shares under the confirmed Amended Plan. [Docket No. 50].

On May 3, 2021, the defendants filed their amended motion to dismiss. [Docket No. 51]. In the motion, the defendants asserted that (i) the negligent misrepresentation claim was barred by the Court's confirmation order; and (ii) both claims failed to satisfy the heightened pleading requirements required by Fed. R. Civ. P. 9(b). [Docket No. 51]. Mr. Van Deelen filed his response

---

[1]  The Defendants initially asserted that Mr. Van Deelen had not properly opted out of the Amended Plan's third-party release provisions. The Defendants subsequently acknowledged that Mr. Van Deelen had properly executed and delivered the required opt-out form. [Audio at Docket No. 46].

to the motion to dismiss on May 20, 2021, asserting (i) that he was not subject to either the exculpation or release provisions under the Amended Plan; (ii) the Court must first consider his motion to remand; (iii) the Court lacked jurisdiction to consider the motion to dismiss; and (iv) abstention was applicable. [Docket No. 52]. The defendants filed their reply on June 3, 2021, arguing that (i) the opt-out mechanism under the Amended Plan applied only to the third-party release provision—not the exculpation; (ii) the Court had jurisdiction to enforce its confirmation order; (iii) abstention was inappropriate; and (iv) the fraud claim was not asserted with sufficient particularity. [Docket No. 53].

On June 4, 2021, Mr. Van Deelen filed his emergency motion to amend his petition to remove the claim for negligent misrepresentation from his first amended petition citing FED. R. CIV. P. 15. [Docket No. 54]. On June 7, 2021, the Court convened a second hearing on the status of Mr. Van Deelen's petition and all other pending matters. [Docket No. 55]. After a lengthy discussion, the Court provided Mr. Van Deelen another opportunity to file an amended petition. [Docket No. 55].

On June 18, 2021, Mr. Van Deelen filed his third amended petition. [Docket No. 57]. In this version of his petition, Mr. Van Deelen deleted the negligent misrepresentation claim, but continued to assert fraud claims against Messrs. Lamb, Dickson, Spence and 10 unknown John/Jane Does. [Docket No. 57]. In addition, Mr. Van Deelen added assault and fraud claims against the Debtors' former lead counsel, Joshua Sussberg. [Docket No. 57]. The assault claims concerned events that supposedly took place outside the undersigned's courtroom just after the confirmation hearing. [Docket No. 57]. The fraud claim focuses on Mr. Sussberg's purported pre-petition involvement in the concealment of financial losses by the Debtors and the decision to file bankruptcy. [Docket No. 57].

On July 12, 2021, Mr. Sussberg filed his motion to dismiss and request for sanctions. [Docket No. 59]. On the same day, Messrs. Lamb, Dickson and Spence likewise filed a motion to dismiss the third amended petition. [Docket No. 60]. Mr. Van Deelen filed his responses on July 26, 2021. [Docket Nos. 62 and 63].

On August 9, 2021, the Court conducted a hearing on all pending matters. [Unnumbered Docket Entry after Docket No. 70]. At the conclusion of the hearing, the Court took the matter under advisement. [Unnumbered Docket Entry after Docket No. 70].

On August 13, 2021, Mr. Sussberg filed his supplemental motion for sanctions. [Docket No. 72]. In his motion, Mr. Sussberg attached an email from Mr. Van Deelen addressed to David Beck, counsel for Mr. Sussberg, in which Mr. Van Deelen threatened to sue Mr. Sussberg, Mr. Beck and an unnamed process server for serving a subpoena upon Mr. Van Deelen at his home in anticipation of the August 9, 2021, hearing. [Docket No. 72]. Mr. Sussberg requested that the Court determine Mr. Van Deelen to be a vexatious litigant and that Mr. Van Deelen be prohibited from filing any future lawsuits related to these bankruptcy proceedings without first obtaining court approval. [Docket No. 72].

On August 16, 2021, Mr. Van Deelen filed his (i) response to the supplemental motion for sanctions; (ii) motion to strike the supplemental motion for sanctions; and (iii) motion for sanctions

against David Beck—Mr. Sussberg's counsel. [Docket No. 73].   Concurrent with the response, Mr. Van Deelen also filed separate motions (i) to strike the supplemental motion for sanctions [Docket No. 74]; and (ii) to dismiss all claims against Mr. Sussberg pursuant to FED. R. CIV. P. 41(a)(2) due to Mr. Sussberg's purported medical condition. [Docket No. 75].    Mr. Sussberg responded on August 23, 2021. [Docket No. 77].

Having carefully evaluated the pleadings submitted by the parties and having conducted multiple hearings in this adversary proceeding, the Court determines that no further hearings are needed or appropriate.

## Jurisdiction

Bankruptcy jurisdiction is established by 28 U.S.C. § 1334.   Section 1334 grants jurisdiction to the district courts to preside over all cases filed under title 11 as well as all civil proceedings arising under title 11 or related to cases under title 11. *See* 28 U.S.C. § 1334(a) and (b).   In turn, district courts may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy courts.   28 U.S.C. § 157(a).   Section 157(b)(1) goes on to provide that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title."

For jurisdictional purposes, it is not necessary to distinguish whether a matter "arises under", "arises in" or is "related to." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). The Court need only to determine if the matter is at least "related to" the pending bankruptcy case to determine if jurisdiction exists. *Id.* Proceedings are "related to" if the outcome "*could* conceivably have any effect on the estate being administered in bankruptcy." *Bass v. Denney (In re Bass)*, 171 F.3d, 1016, 1022 (5th Cir. 1999). A "conceivable effect" is a proceeding that "could alter the Debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankruptcy estate." *Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Group, Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013) (quoting *FDIC V. Majestic Energy Corp. (In re Majestic Energy Corp.),* 835F.2d 87, 90 (5th Cir. 1988)).

The Court finds that it has jurisdiction over these contested matters pursuant to 28 U.S.C. § 1334 and the Court's inherent authority to enforce its own orders.   These contested matters are core proceedings under 28 U.S.C. §§ 157(b)(2) as they related to the enforcement of the Court's confirmation order and interpretation of a confirmed plan.   *See In re Nat'l Gypsum Co.,* 118 F.3d 1056, 1064 (5th Cir. 1997).   The Court has constitutional authority to enter a final order in these contested matters. *Stern v. Marshall*, 564 U.S. 462 (2011).

<u>**Analysis**</u>

<u>**The Third Amended Petition**</u>

   In his third amended petition, Mr. Van Deelen asserts that each of the defendants "made or caused to be made material representations to the plaintiff about McDermott International, its performance, its financial condition and its outlook which were false." [Docket No. 57]. Further, Mr. Van Deelen asserts that "[t]he defendants concealed adverse material facts from plaintiff to prevent plaintiff from knowing McDermott International's true financial condition and outlook." [Docket No. 57]. In the light most favorable to Mr. Van Deelen, these alleged misrepresentations, omissions and the corresponding timeline consist of the following:

| <u>Date Issued</u> | <u>Author/Declarant</u> | <u>Communication</u> |
|---|---|---|
| 03/22/2019 | Debtors | Mission Statement published on the Debtors' website. |
| 04/29/2019 | Debtors | 2019 First Quarter Report published on the Debtors' website. |
| 05/02/2019 | Debtors | Annual Meeting presentation posted to the Debtors' website. |
| 07/29/2019 | Unidentified/ Dickson | 2019 Second Quarter Report published on the Debtors' website. |
| 08/02/2019 | Van Deelen purchases 22,000 shares despite sharp market price decline. | |
| Mid-Sept. 2019 | Unknown | Failure to tell public that decision had been made to file bankruptcy |
| 09-18-2019 | Debtors | Press release that advisors had been engaged. (Didn't disclose preparation for bankruptcy). |
| 09-20-2019 | Debtors | Press release that investment bank was engaged to market the Lumus Technology division. (Didn't disclose preparation for bankruptcy). |
| 10/21/2019 | Debtors/ Dickson | Press release regarding securing additional financing (didn't disclose that financing was |

|  |  | just interim while bankruptcy was being prepared). |
|---|---|---|
| 11/04/2019 | Debtors | 2019 Third Quarter Report published on the Debtors' website reflecting large loss (didn't previously issue release that loss was imminent). |
| 11/04/2019 | Debtors | 10-Q disclosing SEC investigation (didn't notify earlier and statement that chapter 11 might occur). |
| 11/08/2019-12/26/2019 | Van Deelen purchases additional 8,000 shares | |
| 12/02/2019 | Debtors | Press release regarding access to $350 million in additional financing (failed to disclose that lenders did not expect to provide additional financing outside of chapter 11). |
| 01/21/2020 | Debtors | Formal announcement of chapter 11 (failed to previously announce that equity would be cancelled). |

Notably, Mr. Van Deelen's allegations all concern the Debtors' failure to inform **him and *"the investing public"*** about the Debtors' financial status and the potential for a chapter 11 filing. Mr. Van Deelen states that all misrepresentations were made by the defendants outside the scope and course of their employment, yet Mr. Van Deelen fails to make any allegation that any specific individual defendant made a specific misrepresentation to him at any particular time. To the contrary, the source of all of the identified communications referenced in the third amended petition was the Debtors.

**The Plan and Confirmation Order**

Under the confirmed Amended Plan, the Debtors released all direct and derivative claims held by the bankruptcy estate. [Docket No. 684, attached plan, Art. VIII.C, Case No. 20-30336]. This release encompasses all claims against management arising in connection with their employment. [Docket No. 684, attached plan, Art. VIII.C.1., Case No. 20-30336]. In addition, the Amended Plan contains an exculpation provision that releases all claims arising out of or related to the bankruptcy process. [Docket No. 684, attached plan. Art. VIII.E, Case No. 20-30336]. While the Amended Plan also contains a third-party release provision in Art. VIII.D, Mr. Van Deelen exercised his opt-out right. [Docket No. 52-1]. Finally, the Amended Plan provides an injunction that prohibits the initiation or continuation of any litigation for any released or exculpated claim. [Docket No. 684, attached plan, Art. VIII.F, Case No. 20-30336].

**Motion to Amend (Docket No. 54)**

On June 4, 2021, Mr. Van Deelen filed his emergency motion to amend his petition to remove the claim for negligent misrepresentation. [Docket No. 54]. During the June 7, 2021 hearing, the Court gave Mr. Van Deelen the opportunity to file an amended petition thereby implicitly granting Mr. Van Deelen's request. [Audio at Docket No. 56]   To avoid any confusion, the motion to amend is granted.

**Motion to Take Judicial Notice (Docket No. 68)**

By motion filed August 6, 2021, Mr. Sussberg requested that the Court take judicial notice of certain pleadings filed in the underlying bankruptcy proceeding as well as certain decisions entered by other courts regarding Mr. Van Deelen's litigation tactics. With respect to the request to take judicial notice of the identified matters in the underlying bankruptcy case, the motion is granted. With respect to the request to take judicial notice of decisions entered by other courts, the motion is denied. The Court was previously aware of the identified decisions. The Court is also sufficiently familiar with Mr. Van Deelen tactics in this bankruptcy case. [Docket No. 719, Case No. 20-30336]. The documents for which judicial notice is requested, however, shall be part of the record and available to any reviewing court.

**Motion to Strike and Motion for Sanctions (Docket No. 74)**

On August 16, 2021, Mr. Van Deelen filed a pleading styled as (i) a response to Mr. Sussberg supplemental sanctions motion; (ii) a motion to strike Mr. Sussberg's supplemental sanctions motion for failure to meet Local Rule 9013-1(b); and (iii) a request for sanctions against David Beck, counsel for Mr. Sussberg. The pleading contains a series of random arguments and borders on the frivolous. The motion to strike is denied as Mr. Van Deelen failed to include the required language in his pleadings on multiple occasions and no prejudice was shown. The motion for sanctions against Mr. Beck for allegedly deceiving the Court has no legal or factual basis as written and is denied. To the contrary, the Court finds Mr. Beck's conduct before the Court to have been exemplary and in accordance with all applicable rules and ethical standards.

**Motion to Dismiss Joshua Sussberg (59)**

In his third amended petition, Mr. Van Deelen asserts, for the first time, that Mr. Sussberg made fraudulent misrepresentations with respect to the Debtors' financial status. [Docket No. 57]. The Court can only glean from the third amended petition that these purported misrepresentations were made in the course of Mr. Sussberg providing legal services to the Debtors. The third amended petition identifies no legal duty owed by Mr. Sussberg to make any disclosure to Mr. Van Deelen nor does it identify any statement made or adopted by Mr. Sussberg that constituted a misrepresentation.

The third amended petition also asserts claims for an alleged altercation with Mr. Sussberg that Mr. Van Deelen asserts took place just outside the courtroom after the confirmation hearing.

These asserted claims consist primarily of a listing of state law tort claim elements along with unsupported conclusions.

Although motions to dismiss under Rule 12(b)(6) are generally disfavored, a court must grant a motion to dismiss if the complaint fails to state a "plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "formulaic recitation of the elements of a cause of action will not do." *Id.*; *Twombly*, 550 U.S. at 555. Allegations made in support of a claim that "stop short of the line between possibility and plausibility" are insufficient to prevent dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

With respect to the asserted fraud claim against Mr. Sussberg, there is simply no legal or factual basis which could support such a claim. There are no facts to answer the "who, what, when, where and why" requirements of FED. R. CIV. P. 9. The Court further questions the motivation behind the late inclusion by Mr. Van Deelen of Mr. Sussberg into his third amended petition. The Court finds that the assertion of a fraud claim against Mr. Sussberg violates FED. R. BANKR. P. 9011(b). The motion to dismiss the fraud claim is granted with prejudice.

With respect to the "assault" claims, the Court takes notice of its prior findings regarding Mr. Van Deelen's veracity [Docket No. 719, Case No. 20-30336] as well as the attached affidavits to the motion to dismiss. [Docket No. 59-1-3]. The Court has further considered Mr. Van Deelen's subsequent conduct and filings, including his failure to make an incident report when invited to do so by courthouse security. When combined with the scant recitals of the elements of state law tort claims, the Court grants the motion to dismiss the "assault-related" claims with prejudice.

## Motion to Dismiss Joshua Sussberg (Docket No. 75)

On August 16, 2021, Mr. Van Deelen filed a motion to dismiss Mr. Sussberg under FED. R. CIV. P. 41(a)(2). In the motion. Mr. Van Deelen seeks the dismissal of claims against Mr. Sussberg based on his belief that Mr. Sussberg had cancer at the time of the confirmation hearing. Cancer is a serious disease and the second-leading cause of death in the world. https://www.mayoclinic.org/diseases-conditions/cancer/symptoms-causes/syc-20370588#. The Court accepts Mr. Van Deelen's gesture regardless of motive. Under FED. R. CIV. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." As alternative relief, the Court grants Mr. Van Deelen's motion and dismisses all claims against Mr. Sussberg in the third amended petition with prejudice.

## Motion to Dismiss Lamb, Dickson and Spence (Docket Nos. 5, 51 and 60)

With each version of the petition filed by Mr. Van Deelen, Messrs. Lamb, Dickson and Spence filed a motion to dismiss. As the third amended petition dropped many of the original claims, the Court will address the arguments raised in each of the motions only as to the remaining fraud claim asserted by Mr. Van Deelen. The movants' first argument concerns the failure of the

third amended petition to set forth the specifics of the false representations that form the basis of the claim. The Court agrees. As set forth above, Mr. Van Deelen fails to identify any specific statement, omission or adoption by a specific defendant that forms the basis of the asserted fraud claim. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 373-74 (5th Cir. 2004) (holding that the pleading should "point to specific interactions between the [defendant] and the [third party] which allegedly gave rise to the entanglement [between the defendant's and third party's statements]," and state the dates on which these interactions occurred); *Ingalls v. Edgewater Private Equity Fund III, L.P.*, No. H-05-1392, 2005 WL 2647962, at *5 (S.D. Tex. Oct. 17, 2005) (group pleading fails to satisfy the requirement of the "who, what, when, where and why" requirements to assert a fraud claim).

More problematic is Mr. Van Deelen's attempt to distance himself from the McDermott bankruptcy proceeding and the releases/exculpations contained in the Amended Plan. To avoid their impact, Mr. Van Deelen asserts that none of the identified statements were made in the course and scope of the defendants' employment by the Debtors. Such an assertion belies common sense as each of the communications identified in the third amended petition is a corporate statement on behalf of the Debtors.

Second, to the extent that the third amended petition relies on the allegation of an omission as the basis for the fraud claim, Mr. Van Deelen fails to identify the existence and nature of any legal duty that would require Messrs. Lamb, Dickson or Spence to make such a disclosure. *See Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001) ("[a] failure to disclose information does not constitute fraud unless there is a duty to disclose the information."). Officers and directors of a corporation owe no formal fiduciary duty to individual shareholders. *Ritchie v. Rupe*, 443 S.W.3d 856, 890 & n.62 (Tex. 2014).

Mr. Van Deelen has had multiple opportunities to assert any valid claim that he rightfully possesses. Any claim that he may have had against the Debtors was lost when he failed to timely file a proof of claim. Mr. Van Deelen voluntarily chose to only assert only a proof of interest as a shareholder. The movants' motion is granted and all claims against Messrs. Lamb, Dickson and Spence are dismissed with prejudice.

## Motion to Remand (Docket Nos. 4 and 7)

Mr. Van Deelen seeks the remand of this adversary proceeding to Montgomery County state court. As no claims remain, there is nothing left to remand. In an abundance of caution, however, the Court will address Mr. Van Deelen's request as if some claim remained.

Mr. Van Deelen first asserts that this Court lacks jurisdiction over this adversary proceeding. This adversary proceeding touches and concerns the sanctity of this Court's confirmation order and implementation of the Amended Plan. As set forth above, the Court has the jurisdiction to enforce its own orders and the Amended Plan. Moreover, the Court finds that it has the requisite jurisdiction applying the *Craig's Stores* factors of (1) the claims primarily arose from pre-confirmation relations between the parties; (2) any claims or antagonisms were pending between the parties on the date of plan confirmation; and (3) any facts or law deriving from the bankruptcy are necessary to the claims. *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th

Cir. 2001); *In re Blast Energy Servs., Inc.*, 396 B.R. 676, 684 (Bankr. S.D. Tex. 2008); *In re MSB Energy, Inc.*, 438 B.R. 571, 586 (Bankr. S.D. Tex. 2010).

Mr. Van Deelen next asserts that mandatory abstention under 28 U.S.C. § 1334(c)(2) applies to this adversary proceeding. The party seeking mandatory abstention must show that: (1) the claim has no independent basis for federal jurisdiction, other than section 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir.), *cert. denied*, 552 U.S. 1022, 128 S. Ct. 613 (2007). As discussed above, this adversary proceeding is a core proceeding as it involves (i) the interpretation and enforcement of the Amended Plan and confirmation order; (ii) the enforcement of the Court's injunction contained in the Amended Plan; and (iii) matters that occurred before the Court in connection with the underlying bankruptcy proceeding. Moreover, in consideration of the orders issued by the Texas Supreme Court regarding the status of state court proceedings and the resulting backlog of priority criminal cases, no genuine basis exists to suggest that adjudication in state court would occur any time soon. In contrast, this Court has conducted its docket each day throughout the pandemic, continues to do so, and has no backlog. The motion for mandatory abstention is denied.

Mr. Van Deelen also requests the Court to abstain from this adversary proceeding under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides that a court may abstain from hearing a matter if such abstention is "in the interest of justice, or in the interest of comity with the State courts or respect for State law." *See Gober v. Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1206 (5th Cir. 1996). Mr. Van Deelen argues that the existence of his writ of mandamus to the Fifth Circuit Court of Appeals serves as a basis for abstention. As previously noted, the Fifth Circuit has denied the writ.

When evaluating a request for permissive abstention, courts have developed the following list of nonexclusive factors to consider: (i) the effect or lack thereof on the efficient administration of the estate; (ii) extent to which state law issues predominate over bankruptcy issues; (iii) difficult or unsettled nature of applicable law; (iv) presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (v) jurisdictional basis, if any, other than § 1334; (vi) degree of relatedness or remoteness of proceeding to main bankruptcy case; (vii) the substance rather than the form of an asserted core proceeding; (viii) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (ix) the burden of the bankruptcy docket; (x) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (xi) the existence of a right to a jury trial; (xii) the presence in the proceeding of non-debtor parties; (xiii) comity; and (xiv) the possibility of prejudice to other parties in the action. *J.T. Thorpe Co.*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016, at *23. The only factor addressed by Mr. Van Deelen in his motion is that of forum shopping. As this Court is the only proper court to enforce its injunction preventing the assertion of released claims, this argument necessarily fails. An evaluation of the other *Thorpe* factors suggests that no basis exists for permissive abstention. The motion is denied.

**Sanctions Against Van Deelen (59 and 72)**

Mr. Sussberg seeks sanctions against Mr. Van Deelen for his vexatious conduct in this adversary proceeding under the Court's inherent authority to oversee the conduct of litigants that appear before it and 11 U.S.C. § 105. *In re Ruth*, 473 B.R. 152, 166 (Bankr. S.D. Tex. 2012) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Mr. Sussberg asserts that Mr. Van Deelen is entitled no special deference as a *pro se* litigant due to his extensive litigation experience as chronicled by Mr. Sussberg. On this point, the Court agrees. Mr. Van Deelen employs a designed, deliberate, and practiced litigation strategy free from the confines of honesty and ethics that bind attorneys that appear before the Court. No special consideration as a *pro se* litigant is deserved or given.

The sanction sought by Mr. Sussberg is that of a pre-filing injunction against Mr. Van Deelen. When imposing sanctions, the Court recognizes that it must impose the least onerous sanction to address the situation. *In re Parsley*, 384 B.R. 138, 182 (Bankr. S.D. Tex. 2008). The McDermott bankruptcy case is over. The Court's confirmation order is final and binding. In the hope that common sense will prevail, the Court denies the motions for sanctions without prejudice. Any further state court litigation brought by Mr. Van Deelen regarding McDermott or these proceedings should be removed immediately to this Court. If such litigation is initiated and the current pattern of behavior continues, the Court will revisit the issue of compensatory and coercive sanctions necessary to protect the sanctity of the Court's orders, the bankruptcy process, and the rule of law.

This adversary proceeding is dismissed as set forth above. The Clerk is directed to close this adversary proceeding.

All other relief not specifically granted is denied.

**SIGNED: October 12, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**